[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11258
_____

D.C. Docket No. 1:14-cv-02288-TWT


SAVANNAH COLLEGE OF ART AND DESIGN, INC.,

Plaintiff - Appellee,

versus

SPORTSWEAR, INC.,
d.b.a. PrepSportswear,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, Circuit Judge, and
MOORE[*], District Judge.

ORDER:

_____

[*] Honorable K. Michael Moore, Chief United States District Judge for the Southern District
of Florida, sitting by designation.

1

Defendant-Appellant Sportswear, Inc., appeals a judgment entering summary judgment for Plaintiff-Appellee Savannah College of Art and Design, Inc. ("SCAD"), and dismissing the case. Because the judgment raises some questions concerning appellate jurisdiction, we remand this case for the limited purpose of having the district court clarify the judgment on appeal.

Here, the clerk of the district court entered judgment in this case as follows: "The action having come before the court, . . . it is Ordered and Adjudged that Savannah College of Art and Design, Inc. is entitled to summary judgment on its First, Second, and Fourth claims for relief. This case is dismissed." Five days earlier, the district court had issued a lengthy order granting SCAD's motion for summary judgment on its trademark-infringement (first claim for relief), unfair-competition (second claim for relief), and false-designation-of-origin (fourth claim for relief) claims. Despite SCAD's summary-judgment win, the judgment does not overtly grant SCAD any specific relief, even though SCAD sought damages and injunctive relief. Nor does the judgment require Sportswear to pay anything or do anything. So while the part of the judgment awarding summary judgment to SCAD on three of its claims appears at first blush to be a win for SCAD, dismissal of the suit without the award to SCAD of any apparent relief seems to make Sportswear the prevailing party.

This judgment raises questions about our appellate jurisdiction. Did the

2

district court, after extended analysis of why it was granting summary judgment in favor of SCAD, really mean to make Sportswear the prevailing party?  Or was the dismissal a clerical error?  And if it was a clerical error, the "judgment" would not seem to be a "final decision" over which we have appellate jurisdiction under 28 U.S.C. § 1291.  Or maybe the district court intended for its judgment to serve as declaratory relief.  We do not know.

We have inherent jurisdiction to determine our own jurisdiction.  *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1153 (11th Cir. 2019).  "An appellate court must satisfy itself . . . that [it has] subject matter jurisdiction." 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3536, at 1–4 (2008).  If the answer is unclear, we may take appropriate steps "in aid of determining [our] jurisdiction." *See U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988).

On this record, we conclude that such steps are necessary for us to be able to ascertain whether we enjoy appellate jurisdiction.  Towards that end, we issue this limited remand to the district court for it to clarify whether it intended for the document designated "judgment" to serve as a final decision, and if so, to which party did it award relief and what was that relief?

We retain jurisdiction to dispose of this appeal after we receive the district court's response. *Ballard v. Comm'r*, 429 F.3d 1026, 1026 & n.1 (11th Cir. 2005).

**SO ORDERED.**